UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 10-11263-DHW
                                              Chapter 13
DAVID A. PROVENCHER
TRACY K. PROVENCHER,

    Debtors.

### MEMORANDUM OPINION

Before the court is the debtors' timely motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B). One of the debtors' creditors, Last Chance Auto Sales, objects to the motion.

On October 6, 2010, an evidentiary hearing to consider the matter was held in Dothan, Alabama. At the hearing, the debtors were represented by their counsel, Michael D. Brock, and Last Chance Auto Sales was represented by its attorney, Holly L. Sawyer. Upon consideration of the facts and law, the debtors' motion to extend the automatic day will be granted in part and conditionally denied in part.

### Jurisdiction

The court's jurisdiction in this disputed matter is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring its title 11 jurisdiction to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 23, 1985). Further, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). As a result, this court's jurisdiction extends to the entry of a final order or judgment.

### Findings of Fact

On January 9, 2008, the debtors filed a chapter 13 petition for relief in this court (08-10029). The trustee filed a motion to dismiss that case for failure of the debtors to make plan payments as required, and the case was dismissed on June 9, 2010.

Shortly after the dismissal, the debtors' only car was repossessed. The debtors then purchased a 2000 Ford Explorer from Last Chance Auto Sales around June 25, 2010. The purchase price of the vehicle was $4,500. The debtors made a $750 down payment, and Last Chance Auto Sales financed the balance of the purchase price with an interest rate of 23% per annum.

On July 8, 2010, some 13 days after the purchase of the car and some 29 days after the dismissal of the prior case, the debtors filed the instant chapter 13 case. Last Chance Auto Sales objects to the extension of the stay.

Neil Adams, the owner of Last Chance Auto Sales, testified at the evidentiary hearing. He stated that, in connection with the sale, David Provencher stated that he had never lost any property to repossession, when in fact, his vehicle had been repossessed within the preceding month. Provencher informed Adams that he had been in bankruptcy but that his case was inactive. Adams testified that he would not have sold the Explorer to the Provenchers had he known that another bankruptcy filing was imminent. However, he admitted that their credit report cautioned the potential for an immediate bankruptcy.

David Provencher also testified at the hearing. He explained that the prior case was dismissed as a result of his wife's loss of employment due to health-related issues. He stated that a vehicle was necessary not only for him to commute to and from work but also to take his wife and child to medical appointments. He testified that he was motivated to buy the vehicle out of this critical need rather than any attempt to obtain a debt that could be restructured in a subsequent bankruptcy case.

After Provencher purchased the vehicle, he sought advice from his bankruptcy lawyer as a result of pressure put on him and his wife by other creditors. Provencher told his lawyer that he did not want to include Last Chance Auto Sales in the bankruptcy case and preferred to pay them directly. His attorney, however, counseled that it would be necessary to pay Last Chance through the chapter 13 trustee because counsel anticipated an objection by the trustee if Last Chance Auto Sales claim was paid otherwise.

2

The original plan filed by the debtors in the instant case provided for payment in full of the claim of Last Chance Auto Sales with interest at 4.25%. After Last Chance objected to the current motion, the debtors amended the plan to increase the interest to the 23% contract rate. The amended plan will pay the claim at the rate of $173 per month.

Under the amended plan, nothing will be paid to unsecured creditors. The debtors propose to surrender their home to the mortgagee and pay two relatively small secured claims through the chapter 13 trustee. The debtors have agreed to pay their attorney $2,500 for representing them in this case.

## Conclusions of Law

In cases such as this, where the debtors have had a prior case dismissed within one year of the filing of the instant case, the automatic stay terminates 30 days after the filing unless the court extends the stay on a finding that the later case was filed in good faith. *See* 11 U.S.C. § 362(c)(3). Further, if the debtors failed to perform the terms of a confirmed plan in the prior case, a bad faith filing is presumed. However, the presumption may be rebutted with clear and convincing evidence of good faith. *See* 11 U.S.C. § 362(c)(3)(C)(i)(II)(cc).[1]

---

[1] The full text of § 362(c)(3) provides:

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing

3

Some of the facts weigh in favor of finding that the debtors filed the

---

completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

(i) as to all creditors, if--

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

(bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--

(aa) if a case under chapter 7, with a discharge; or

(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

4

instant case in good faith. First, their prior case was dismissed through no fault of their own. The dismissal of that case was a result of Tracy Provencher's loss of employment due to health issues. Further, upon the dismissal of the prior case, their only vehicle was repossessed, and under their particular circumstances, having a vehicle is a necessity and not a luxury. Next, a good faith finding is bolstered by the fact that the debtors wanted to pay Last Chance Auto Sales directly and included the debt only as a result of their counsel's advice. Finally, although at a slower rate, the amended plan provides that Last Chance Auto Sales be paid in full with contract interest.

With regard to that legal advice given the debtors by their counsel, it is true that any plan that provides for payment of substantially all the secured debts directly and for payment of little or nothing to unsecured creditors would rouse a "bad faith" suspicion with this court. In short, such cases are little more than disguised chapter 7 cases. There are two differences: the debtors' attorney's fees are financed through the chapter 13 case and the secured claims are unilaterally reaffirmed without the necessity of the creditors' consent. For the reasons stated by this court in *In re Nelson*, 2009 WL 2241567 (Bankr. M.D. Ala. July 24, 2009), the undersigned found that such plans, which in effect are financing vehicles for attorney's fees, impermissibly burden the chapter 13 trustee, are inappropriately subsidized by debtors in other cases, and hence, are not filed in good faith.

Such is the case here. This case involves two inconsequentially small secured claims other than that owed to Last Chance Auto Sales. Indeed, based upon debtors' counsel's advice, the claim of Last Chance Auto Sales was included in plan to be paid through the trustee principally to satisfy the holding of *Nelson*. In summary, the distinguishing feature between this case and a chapter 7 case is that the debtors' attorney's fees will be paid through the chapter 13 trustee. The result is that Last Chance Auto Sales will be paid at a slower rate than it bargained for in this eve of bankruptcy transaction. The court is not convinced that the debtors have proven by clear and convincing evidence that the current case was filed in good faith with respect to Last Chance Auto Sales.

For the foregoing reasons, the count finds that the debtors' plan

5

was filed in good faith with respect to all their creditors except for Last Chance Auto Sales. In order to deal with that creditor in good faith, the debtors' plan must provide that the claim of Last Chance Auto Sales be paid strictly in accordance with the parties' contract, including the amount of the monthly payment. This result may be accomplished by either paying the claim directly or by paying the claim through the trustee but subordinating the payment of attorney fees to payment of the creditor.

## Conclusion

A separate order will enter granting the debtors' motion for an extension of the stay as to all creditors. However, with respect to Last Chance Auto Sales, the stay will terminate at midnight on November 30, 2010, unless prior to that time, the debtors' amend their plan to provide for the claim in accordance with the parties' contract.

Done this the 15th day of October, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Michael D. Brock, Debtors' Attorney
   Holly L. Sawyer, Creditor's Attorney
   Curtis C. Reding, Trustee